UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

William Robert Dixon,　　　　　　　　　　　　　　　Case No. 3:17-cv-1476

        Plaintiff

    v.　　　　　　　　　　　　　　　　　　　　　　MEMORANDUM OPINION
　　　　　　　　　　　　　　　　　　　　　　　　　　　　AND ORDER

Warden Coleman, et al.,

        Defendants

       On January 28, 2020, I issued a memorandum opinion and order and a judgment entry dismissing Plaintiff's action pursuant to 28 U.S.C. § 1915(e). (Doc. No. 38). In doing so, I considered Plaintiff's initial complaint as well as any additional causes of action asserted in Plaintiff's motions to amend the complaint and his motion for injunctive relief. I concluded all claims propounded in the original complaint failed to state a claim on which relief could be granted and, thus, must be dismissed. I also concluded that because those claims Plaintiff sought to assert later through his subsequent motions to amend and for injunctive relief also failed to state a claim on which relief could be granted, amending the complaint to add these claims would be futile. Plaintiff now moves for reconsideration of my decision. (Doc. No. 40).

       Motions for reconsideration under Rule 59(e) are not intended to give a party "an opportunity to relitigate matters already decided . . . [or to be] a substitute for appeal." *Turner v. City of Toledo*, 671 F. Supp. 2d 967, 969 (N.D. Ohio 2009) (quoting *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir.2007)). "Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway

the judge." *Dana Corp. v. United States*, 764 F. Supp. 482, 489 (N.D. Ohio 1991) (quoting *Durkin v. Taylor*, 444 F. Supp. 879 (E.D. Va. 1977)).

"The major grounds justifying reconsideration of interlocutory orders are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998) (citing *Petition of U.S. Steel Corp.*, 479 F.2d 489, 494 (6th Cir. 1973)).

In his motion, Plaintiff does not argue there has been an intervening change of law or that new evidence is now available. Instead, Plaintiff asserts the screening process was improperly applied and questions whether I gave due consideration to his motions to amend the complaint.

Plaintiff first contends that the proper screening process was not applied because his complaint was not first reviewed by the Magistrate Judge. I will treat this as a "clear error" of law challenge. It is true that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. ¶ 1915A(a). But the law does not require this be performed by a Magistrate Judge. Instead, I may perform this screening process myself. I did so and found it proper to dismiss this action because Plaintiff failed to state a claim on which relief could be granted.

Plaintiff next asserts I failed to read his typed, proposed amended complaint. Contrary to Plaintiff's assertions, I read not only his typed, proposed amended complaint, but also his handwritten motion for injunctive relief, which I construed liberally as an additional proposed amendment to the complaint. (*See* Doc. Nos. 30 & 37). In fact, I referenced both of these documents in my memorandum opinion and order. (Doc. No. 38). I understand given the unfavorable outcome that Plaintiff may believe a "manifest injustice" occurred here. But, in

2

concluding neither his initial complaint nor his subsequent motions stated a claim on which relief could be granted, I merely applied the law, as I must.

Because there is no basis for reconsideration, Plaintiff's motion is denied. (Doc. No. 40). I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge